LABORDE, PLAINTIFF AND APPELLEE, *v.* LORENZO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Damages.

No. 2229.—Decided July 12, 1920.

CONTRACT—ATTORNEY IN FACT—PLEADING.—When a person is sued for the performance of an obligation contracted by his attorney in fact it is necessary to allege and prove that the latter was empowered by his principal to contract the obligation.

The facts are stated in the opinion.

*Messrs. J. B. Huyke* and *F. González* for the appellant.

*Mr. M. Tous Soto* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Celso Lorenzo signed a document as attorney in fact of Emilio Faura authorizing Alejandro Laborde to undertake the collection of $1,600 which the Borinquen Sugar Company owed Faura for a lease of lands, agreeing to accept in full payment of said debt fifty per cent of the total and allowing Laborde to retain any sum in excess of the fifty per cent that he might collect as a commission for his services.

Laborde brought an action against Celso Lorenzo as attorney in fact of Emilio Faura to recover $800 as damages alleged to have been sustained by a breach of the said obligation and the trial court gave judgment against the defendant, as Faura's attorney in fact, for the sum claimed. From that judgment the defendant appealed to this court.

The appellant maintains in his brief that the complaint did not state facts sufficient to constitute a cause of action or to justify the judgment against him, because it did not allege that the attorney in fact was authorized to make the contract for the breach of which judgment was entered against him.

The same case, with other similar cases, has been before this court on appeal heretofore (23 P. R. R. 92) and was decided on the grounds of the opinion delivered in *Laborde* v. *Toro,* 23 P. R. R. 85. In that case the action was against Toro Ríos personally and the question now raised by the appellant was not considered. Nor was that question raised or considered in another appeal from a judgment refusing to admit certain evidence. *Laborde* v. *López,* 26 P. R. R. 472.

There was no allegation in the complaint, nor any evidence introduced at the trial, that Emilio Faura had empowered Celso Lorenzo to enter into the contract for the breach of which the plaintiff claims damages. It is not enough to allege in a complaint that one person is bound

through another, who acted as attorney in fact, to give or to do a certain thing, but it is necessary to allege and prove that the attorney in fact was empowered by his principal to contract the obligations, for no one can contract in the name of another without being authorized by him to do so and a contract made in the name of another by one who has neither his authorization nor legal representation is void, unless it should be ratified by the person in whose name it was made before being revoked by the other contracting party. Section 1226 of the Civil Code. *Colón* v. *Schluter & Co., Ltd.*, 27 P. R. R. 774. In the absence of such allegation and proof the lower court erred in giving judgment against Celso Lorenzo as the attorney in fact of Emilio Faura.

In view of these conclusions we need not consider the other ground of the appeal based on the insufficiency of the evidence, nor the question raised by the appellant at the hearing on the appeal as to whether this action should have been brought against Faura instead of against Lorenzo, his attorney in fact.

The judgment appealed from must be reversed and the complaint dismissed, without special imposition of costs.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.